WILSON, APPELLEE, *v.* MOORE ET AL., APPELLANTS.

(No. 1028—Decided November 30, 1951.)

*Mr. Robert Kelly,* for appellee.
*Messrs. Meredith & Meredith* and *Mr. Howard Guthery,* for appellant.

MIDDLETON, P. J.   Plaintiff, Commodore Wilson, commenced this action against the defendant Chester Moore for conversion of money and, in addition to his

petition, filed an affidavit setting forth that the defendant had fraudulently incurred the obligation upon which suit was brought.

An order of attachment was issued therein on August 22, 1949, and on that date, the sheriff attached a 1947 Hudson automobile.

The defendant The City Loan & Savings Company had a mortgage on the attached automobile, which mortgage was executed by the defendant Chester Moore on August 18, 1949, to secure a loan of $325. This mortgage was presented to the clerk of courts of Marion county, Ohio, for the purpose of having the lien noted on the certificate of title.

Subsequent to the attachment of the automobile, The City Loan & Savings Company was made a party defendant in this action, filed an answer and crosspetition setting forth their mortgage, and claimed it to be the first and best lien on the automobile.

The defendant Chester Moore did not answer, judgment was rendered against him, the automobile was sold by agreement of the parties, and all liens were transferred and made liens on the funds arising from the sale.

To the answer and cross-petition of the defendant The City Loan & Savings Company, the plaintiff filed a general denial.

The question to be decided is the priority of the lien of the plaintiff under his attachment and the lien of The City Loan & Savings Company by virtue of its mortgage noted on the certificate of title to the automobile.

Upon the hearing of this cause the parties made certain stipulations which, in part, included the following:

That plaintiff filed suit against defendant Moore on August 22, 1949, and obtained an order of attachment upon that day; that the sheriff seized the 1947 Hudson sedan, motor No. 17194991, and serial No. 17194991

at 4 p. m. on the 22nd day of August 1949; that the defendant Moore borrowed $325 from The City Loan & Savings Company at its Ironton, Ohio, office on the 11th day of August 1949 and executed a note evidencing said debt and a mortgage on the automobile described in the above stipulation, to The City Loan & Savings Company as security for said debt; and that the lien of the mortgage was noted on the certificate some time on August 22, 1949.

Evidence was offered by the defendant The City Loan & Savings Company and not denied by the plaintiff that Mrs. Steele, an employee of The City Loan & Savings Company, delivered the mortgage in question to the clerk of courts of Marion county at about 9:32 a. m. on August 22, 1949, for the purpose of having the mortgage noted on the certificate of title to the automobile.

There was no direct evidence offered as to the actual time the notation of the lien was endorsed upon the certificate of title, or the time the certificate of title, with the notation of lien indorsed thereon, was delivered to The City Loan & Savings Company.

The only other witness testifying was Mrs. Uhl, employed by the clerk of courts, who testified she had little recollection of the facts surrounding the certificate of title in question or the endorsement of defendant's lien thereon. Her testimony concerned for the most part the normal procedure followed in the clerk's office in the notation of liens on certificates of title; that there were times when from one to three days would elapse before the time when mortgages were left at the clerk's office and the time the notation of lien was endorsed thereon; but that the actual date of the endorsement was stamped upon the title certificate. She testified further that the notation of lien was placed upon the certificate of title prior to the time the cash in the office was counted; that the counting of

cash usually occurred between three-thirty and four o'clock in the afternoon; that the clerk's office closed at four-thirty; that it could be as late as four-thirty on busy days before the cash was counted; and that all notations of liens were made prior to the counting of the cash.

Upon cross-examination, this witness testified that plaintiff's attorney called at the title office on August 22 in regard to the title of Chester Moore; that she did not remember what time it was when he called at the office; but that at such time there was no lien noted upon the title.

The plaintiff offered no evidence.

Section 6290-9, General Code, provides in part:

"The holder of a chattel mortgage, trust receipt, conditional sales contract or similar instrument, upon presentation of said instrument to the clerk of courts of the county where such certificate of title was issued, together with the certificate of title and the fee prescribed by this chapter, may have a notation of such lien made on the face of such certificate of title. The clerk of courts shall enter said notation and the date thereof over his signature and seal of office, and he shall also note such lien and the date thereof on the duplicate of same in his files and on that day shall notify the registrar who shall do likewise. The clerk of courts shall also indicate by appropriate notation on such instrument itself the fact that such lien has been noted on the certificate of title."

Upon presentation of its mortgage to the clerk of courts by the defendant The City Loan & Savings Company together with payment of the required fee, it was the duty of the clerk of courts at the time of such presentation to note such lien upon the certificate of title.

The undisputed evidence in this case is that the mortgage of The City Loan & Savings Company was

presented to the clerk of courts at about 9:32 a. m., or a few minutes thereafter, on the morning of August 22, 1949, for the purpose of having such lien noted upon the title certificate.

The law indulges in certain presumptions, among which is the presumption that public officers have performed the duties of their respective offices.

In the instant case, at the time the mortgage was presented to the clerk of courts at 9:32 a. m., or a few minutes thereafter, together with the required fee, it is legally presumed that the lien was promptly endorsed upon the certificate of title, as required by law. This presumption is entitled to the same weight and has the same force in law as any proven fact. However, such presumptions are not absolute and conclusive and may be rebutted by proof to the contrary.

"The burden of proof imposed by law upon one who must prove the existence of a fact or a thing necessary to be proven in the prosecution or the defense of a lawsuit means the obligation to show it by proof. When a party is not required to sustain the burden of proof upon some particular issue, a rebuttable presumption arising out of such issue may be overcome by evidence which counterbalances the evidence to sustain the presumption; however, when such party is required to assume the burden of proof upon an issue, any rebuttable presumption arising therefrom must be removed by the same degree of proof necessary to sustain the issue." *Kennedy, Exr.,* v. *Walcutt,* 118 Ohio St., 442, 455, 161 N. E., 336.

The plaintiff called no witnesses and offered no evidence upon the hearing of this cause other than contained in the stipulation and failed to show the existence of any fact to rebut the legal presumption that the defendant's lien was noted upon the title certificate at the time it was presented to the clerk at about 9:32 a. m., on August 22, 1949.

By agreement of the parties, plaintiff's claim did not become a lien until 4 p. m. on August 22, 1949.

From the entire record, we reach the conclusion that the lien of The City Loan & Savings Company is prior to the lien of the plaintiff, and that the finding and judgment of the court below is contrary to law.

This cause is remanded to the Court of Common Pleas, with instructions to enter final judgment in favor of the defendant The City Loan & Savings Company, finding that the lien of The City Loan & Savings Company is the first and best lien on the fund in the hands of the sheriff arising from the sale of the automobile after payment of costs.

*Judgment accordingly.*

JACKSON and GUERNSEY, JJ., concur.